**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNIRAC, INC, a New Mexico corporation,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | |
| ) | C.A. No. |
| ECOFASTEN SOLAR, LLC, a Delaware limited ) | |
| liability company; and ESDEC, INC., a Delaware ) | |
| corporation,     ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants.     ) | |
| ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff UNIRAC, INC. ("Unirac" or "Plaintiff") brings this action for patent infringement against Defendants, ECOFASTEN SOLAR, LLC ("EcoFasten") and ESDEC, INC. ("Esdec") (collectively "Defendants"), on information and belief, and alleges as follows:

### I.      NATURE OF THE CASE

1.      This is an action for patent infringement. Plaintiff Unirac manufactures and markets solar panel mounting systems. Unirac has a long history of cutting-edge advancements in developing, manufacturing, and marketing systems for securely, safely, adjustably, and quickly installing solar panels. Unirac has been and continues to be a pioneer in developing solar panel mounting systems. The Unirac patents involved in this case are directed to Unirac's solar panel mounting systems.

2.      Defendants make, use, sell, and offer to sell solar panel mounting systems that infringe Unirac's patented inventions without Unirac's permission and without compensating Unirac for the use of Unirac's patented innovations.

3.      Defendants are closely related companies that compete with Unirac in the solar panel mounting industry. The infringing products are manufactured, marketed, and provided under the EcoFasten brand at the direction of Esdec. Defendants direct and control the infringing products that utilize and depend upon the unauthorized use of Unirac's patented inventions.

4.      This lawsuit is brought by Unirac to end Defendants' unauthorized, willful, and infringing manufacture, use, sale, offers to sell, and/or importation into the United States products and/or components that incorporate Unirac's patented inventions without Unirac's permission and without compensating Unirac; and to recover damages adequate to compensate Unirac for Defendants' unlawful and infringing actions.

## II.      THE PARTIES

5.      Unirac is a corporation organized and existing under the laws of the State of New Mexico, with a principal place of business at 1411 Broadway Boulevard NE, Albuquerque, NM 87102.

6.      On information and belief, EcoFasten is a Delaware limited liability company organized under the laws of the state of Delaware, with its principal place of business at 4141 W. Van Buren St., Suite 2, Phoenix, AZ 85009.

7.      EcoFasten is a subsidiary of Esdec.

8.      On information and belief, Esdec is a Delaware corporation and organized under the laws of the state of Delaware, with a principal place of business at 2700 Mitchell Drive, Walnut Creek, CA 94598.

/ / /

2

### III.   JURISDICTION AND VENUE

9.      This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 100 et seq., including pursuant to 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over EcoFasten. On information and belief, EcoFasten has systematic and continuous contact with this forum at least because it is a Delaware limited liability company, conducts business in this judicial district, and resides in Delaware.

11.     This Court has personal jurisdiction over Esdec. On information and belief, Esdec has systematic and continuous contact with this forum at least because it is a Delaware corporation, conducts business in this judicial district, and resides in Delaware. Additionally, Esdec conducts business in Delaware and in this judicial district through its agent and subsidiary EcoFasten.

12.     Venue is proper in this Court under 28 U.S.C. § 1400(b). Venue is proper in the District of Delaware as to EcoFasten because it is a Delaware limited liability company and, therefore, resides in this district.  Venue is proper in the District of Delaware as to Esdec because it is a Delaware corporation and, therefore, resides in this district.

### IV.   BACKGROUND AND FACTS

#### Unirac and its Patents

13.     Unirac is a leading manufacturer of solar panel mounting systems, roof attachments, roof flashings, and accessories. During its 20 years of service, Unirac has been awarded numerous patents by the United States Patent and Trademark Office for innovative designs in these fields.

14.     Unirac is the owner of the patents at issue in this action: U.S. Patent Nos. 9,160,273 (the "'273 Patent") and 9,584,062 (the "'062 Patent") (collectively, the "Asserted Patents").

15.     On October 13, 2015, the United States Patent and Trademark Office duly and legally issued the '273 Patent, entitled "Universal End Clamp." A copy of the '273 Patent is attached as Exhibit 1.

16.     Unirac owns all substantial right, title, and interest in the '273 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

17.     The '273 Patent is valid and enforceable.

18.     On February 28, 2017, the United States Patent and Trademark Office duly and legally issued the '062 Patent, entitled "Apparatus for Mounting Photovoltaic Modules." A copy of the '062 Patent is attached as Exhibit 2.

19.     Unirac owns all substantial right, title, and interest in the '062 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

20.     The '062 Patent is valid and enforceable.

### Defendants and their Unlawful Conduct

21.     Defendants compete with Unirac in the solar panel mounting industry and are closely related companies operating as a single business entity controlled by Esdec.

22.     EcoFasten manufactures, markets, and sells the "RockIt" System family or group of components or products for mounting solar panels to rooftops (the "Accused Products"). https://ecofastensolar.com/rockit/[1].

---

[1] All links referenced in this Complaint and the attached Exhibits were last visited on January 18, 2021.

23.     The Accused Products are a solar panel rooftop mounting system where the solar panel is held by a mounting bracket which is connected to a flashing plate and attached to the roof:



24.     On information and belief, Defendants instruct users to use the Accused Products as directed in the directions and guides for installation of the Accused Products. https://ecofastensolar.com/rockit/.

25.     On information and belief, third parties including solar panel installers and other customers of Defendants have used and continue to use the Accused Products as directed by Defendants in the directions and guides for installation of the Accused Products.

26.     On information and belief, the Accused Products have substantially no other use than that described and shown in the directions and guides for installation of the Accused Products.

27.     Esdec manufactures, markets, and sells the Accused Products through its agent/subsidiary EcoFasten provided under the EcoFasten brand at the direction of Esdec.

28.     Esdec acquired EcoFasten in November 2018. https://www.prnewswire.com/news-releases/esdec-acquires-panelclaw-301168790.html; https://usa.esdec.com/about-esdec/.

29.     Esdec and EcoFasten represent to the public that the solar roof mounting products at issue are Esdec's products, that the Accused Products are a proprietary product of Esdec, and Esdec directs and controls the manufacturing, marketing, and sales of the Accused Products. For example, Esdec represents to the public that it "develops, manufactures, and supplies solar rooftop mounting solutions for the residential, commercial, and industrial markets." https://ecofastensolar.com/esdec-launches-us-operations/; https://ecofastensolar.com/esdec/.

30.     Esdec represents to the public that it "is the parent company of EcoFasten . . . [a] leading provider[] of residential and commercial solar PV mounting systems," and that "Esdec USA develops, manufactures and supplies professional mounting structures for the mounting of solar panels to commercial and residential roofs." https://www.linkedin.com/company/esdecusa.

31.     According to EcoFasten's website, Esdec has a role in "develop[ing], manufactur[ing] and suppl[ying] professional mounting structures for the mounting of solar panels to commercial and residential roofs." EcoFasten's website states that Esdec "suppl[ies] high quality, cost effective solutions for all roof types. [Esdec's] innovative mounting structures differ from the competition by being extremely simple and quick to install, without compromising on the reliability and durability of the product." https://ecofastensolar.com/esdec/. EcoFasten's website also states that "Large innovative companies … have chosen Esdec products" when referring to products sold under the EcoFasten name. https://ecofastensolar.com/esdec/

32.     The EcoFasten website further demonstrates that EcoFasten is Esdec's agent/subsidiary and that they operate as one in the same in the industry. For example, the "installer" web page mentions at its top that "Esdec supplies market-leading mounting systems for flat and shingled roofs." https://ecofastensolar.com/installer/. The EcoFasten website also touts "THE BENEFITS OF ESDEC." *Id.* "Esdec develops, manufactures and supplies solar

6

rooftop mounting solutions for the commercial, industrial and residential markets … and is now expanding to the U.S. With [sic] its … products .…" https://ecofastensolar.com/esdec-launches-us-operations/.

33.　On information and belief, both Esdec and EcoFasten have the same CEO: Bart Leusink. https://www.linkedin.com/in/bart-leusink/.

34.　Esdec and EcoFasten represent through EcoFasten's website that EcoFasten products are those of Esdec. For example, in an open letter written by Mr. Leusink and published on EcoFasten's website (https://ecofastensolar.com/say-hello-to-esdec-u-s-solar-mounting-systems-by-installers-for-installers/), he states:

- "It's why we [Esdec] say our [Esdec's] mounting systems have been designed by installers, for installers."

- "We [Esdec] are in constant communication with our [Esdec's] customers, whose suggestions and feedback help us to continuously innovate and improve our systems."

- "As part of our U.S. launch, we'll be showcasing and demonstrating our fast, simple-to-install … roof mounting system … at Solar Power International 2018 in Anaheim."

35.　Esdec further holds out to the public that the leadership and control, products, and intellectual property of both Esdec and EcoFasten are all controlled by Esdec, as the two companies share executives, confirming that EcoFasten is a subsidiary and agent of Esdec and EcoFasten is directed and controlled by Esdec.

36.　Product development, design, engineering, testing, certification, and intellectual property of Esdec's products sold by EcoFasten is led by Esdec's Vice President of Product

Development, Jon Ash, and his team. https://www.linkedin.com/in/jonash1?trk=org-employees_profile-result-card_result-card_full-click.

37.     Esdec's Vice President of Legal and Intellectual Property, Marshall Green, "manages the intellectual Property [sic] and legal affairs of ... EcoFasten." https://www.linkedin.com/public-profile/in/marshall-green-7b808a38.

38.     Upon information and belief, EcoFasten's intellectual property licenses are handled and controlled by Esdec and its employees for the benefit of Esdec.

39.     Upon information and belief, Esdec provides the technology, development, design, manufacturing, and testing of the EcoFasten products that infringe Unirac's patents.

40.     As such, although EcoFasten is incorporated separately from Esdec, EcoFasten is a subsidiary and an agent of, and is directed and controlled by, Esdec particularly with respect to the Accused Products.

41.     In this regard, Esdec also represents to the public that it, per se, offers the Accused Products at issue in this litigation (either directly or through its controlled agent and subsidiary, EcoFasten).

42.     Esdec, both directly and through its controlled subsidiary/agent EcoFasten, controls and directs the manufacture, market, and selling of the Accused Products, such that EcoFasten is in a controlled principal/agency relationship with Esdec.

43.     Accordingly, all of the accused infringing activities and the entities responsible for those activities are directed and controlled by Esdec, with EcoFasten being operated as a controlled agent of Esdec.

44.     Esdec and EcoFasten have been on notice of the asserted patents since at least the filing and/or service of this Complaint.

## V.    COUNT I

## DEFENDANTS' INFRINGEMENT OF U.S. PAT. NO. 9,160,273

45.    Unirac incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

46.    On information and belief, Defendants have infringed and continue to infringe each and every element of at least claim 4 of the '273 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing Defendants' infringement is attached as Exhibit 3.

47.    Defendants indirectly infringe the '273 patent under 35 U.S.C. § 271(b) by inducing infringement by others, such as end-user customers, by, for example, encouraging its users to assemble or make the claimed systems with directions or guides for installation of the Accused Products.  https://ecofastensolar.com/rockit/.

48.    Defendants indirectly infringe the '273 Patent under 35 U.S.C. § 271(c) by contributing to infringement by others, such as end-user customers by offering to sell and selling within the United States components (that is, the Accused Products) that constitute a material part of the inventions claimed in the '273 Patent, and that are used to practice or implement one or more systems covered by the claims of the '273 patent. Defendants' end-user customers directly infringe the '273 Patent by, for example, by assembling or making the claimed systems by installation of the Accused Products.

49.    On information and belief, the Accused Products have no other substantial use.

50. Defendants received actual notice of their infringement of the '273 Patent at least as early as the date of service of Complaint. Therefore, Esdec and EcoFasten were or are now aware of the '273 Patent.

51. Unirac has suffered, and continues to suffer, damages as a result of Defendants' infringement of the '273 Patent. The extent of damage suffered by Unirac and caused by Defendants is not yet known, but the damage is substantial and will be determined at trial.

52. In addition, Unirac and Defendants are direct competitors. On information and belief, Esdec and its controlled agent, EcoFasten, will continue their infringing activities, damaging Unirac, unless and until enjoined by this Court.

53. Defendants' further infringement of the '273 Patent after the filing of this complaint has been, and continues to be, willful, deliberate, and in disregard of Unirac's patent rights. Defendants' intentional, knowing, and willful infringement entitles Unirac to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## VI. COUNT II

## DEFENDANTS' INFRINGEMENT OF U.S. PAT. NO. 9,584,062

54. Unirac incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

55. On information and belief, Defendants have infringed and continue to infringe each and every element of at least claim 1 of the '062 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing Defendants' infringement is attached as Exhibit 4.

56.    Defendants indirectly infringe the '062 patent under 35 U.S.C. § 271(b) by inducing infringement by others, such as end-user customers, by, for example, encouraging its users to assemble or make the claimed systems with directions or guides for installation of the Accused Products. https://ecofastensolar.com/rockit/.

57.    Defendants indirectly infringe the '062 Patent under 35 U.S.C. § 271(c) by contributing to infringement by others, such as end-user customers by offering to sell and selling within the United States components (that is, the Accused Products) that constitute a material part of the inventions claimed in the '062 Patent, and that are used to practice or implement one or more systems covered by the claims of the '062 patent. Defendants' end-user customers directly infringe the '062 Patent by, for example, by assembling or making the claimed systems by installation of the Accused Products.

58.    On information and belief, the Accused Products have no other substantial.

59.    Defendants received actual notice of their infringement of the '062 Patent at least as early as the date of service of Complaint. Therefore, Defendants were or are now aware of the '062 Patent.

60.    Unirac has suffered, and continues to suffer, damages as a result of Defendants' infringement of the '062 Patent. The extent of damage suffered by Unirac and caused by Defendants is not yet known, but the damage is substantial and will be determined at trial.

61.    In addition, Unirac and Defendants are direct competitors. On information and belief, Esdec and its controlled agent, EcoFasten, will continue their infringing activities, damaging Unirac, unless and until enjoined by this Court.

62.    Defendants' further infringement of the '062 Patent after the filing of this complaint has been, and continues to be, willful, deliberate, and in disregard of Unirac's patent

rights. Defendants' intentional, knowing, and willful infringement entitles Unirac to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38(b), Unirac demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Unirac respectfully prays for relief as follows:

A.    a judgment that Defendants have infringed and continue to infringe one or more claims of the Asserted Patents;

B.    a judgment that Defendants have willfully infringed one or more claims of the Asserted Patents;

C.    a permanent injunction issued against Defendants and its agents, officers, directors, employees, attorneys, successors, and assigns, all parent and subsidiary entities, and all those acting for or on the behalf of Defendants, or in active concert, participation, or combination with them, including customers and distributors, prohibiting Defendants from:

a.    continuing acts of infringement of the Asserted Patents,

b.    making, using, selling, and/or importing infringing products, to include any colorable imitation thereof, and

c.    otherwise infringing the Asserted Patents;

D.    judgment awarding Plaintiff all damages adequate to compensate for Defendants' infringement, and in no event less than a reasonable royalty for Defendants'

12

infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

E.      a judgment awarding Plaintiff treble damages pursuant to 35 U.S.C. § 284 as a result of Defendants' willful conduct;

F.      a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable Attorneys' Fees and Taxable Costs incurred in connection with this action, pursuant to 35 U.S.C. § 285; and

G.      for such additional and further relief in law and equity, as the Court may deem just and proper.

Dated:  January 20, 2021                                      Respectfully submitted,


*Of Counsel:                                                        **DUANE MORRIS LLP**


Andrew G. Strickland                                        */s/ Richard L. Renck*
Ryan P. Gentes                                                 Richard L. Renck (#3893)
**LEE & HAYES, P.C**.                                        222 Delaware Avenue, Suite 1600
75 14th Street, Suite 2500                                  Wilmington, DE 19801
Atlanta, GA 30309                                            Tel:  (302) 657-4900
Tel:  (404) 815-1900                                         Fax:  (302) 657-4901
Fax: (404) 815-1700                                          rlrenck@duanemorris.com
andrew.strickland@leehayes.com
ryan.gentes@leehayes.com                             Philip W. Woo (*pro hac vice* forthcoming)
                                                                   **DUANE MORRIS LLP**
Caleb Hatch                                                   2475 Hanover Street
**LEE & HAYES, P.C.**                                        Palo Alto, CA 94304
601 West Riverside Ave., Suite 1400                   Tel:  (650) 847-4145
Spokane, GA 99201                                            Fax: (650) 644-0150
Tel:  (509) 324-9256                                         pwwoo@duanemorris.com
Fax: (509) 323-8979
caleb.hatch@leehayes.com                             *Attorneys for Plaintiff Unirac, Inc.*


*pro hac vice* forthcoming

13